IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| LION RIBBON TEXAS CORP., et al., | Case No. 25-90144 (CML) |
| Debtors.[1] | (Jointly Administered) |

### TARGET CORPORATION'S LIMITED OBJECTION AND RESERVATION OF RIGHTS TO THE NOTICE OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED IN CONNECTION WITH THE SALE OF THE DEBTORS' ASSETS AND THE PROPOSED CURE COSTS WITH RESPECT THERETO

Target Corporation ("Target"), submits this Limited Objection and Reservation of Rights (this "Objection") to the *Notice of Executory Contracts and Unexpired Leases That May be Assumed and Assigned in Connection with the Sale of the Debtors' Assets and the Proposed Cure Costs with Respect Thereto* [Dkt. 268] (the "Notice") and respectfully states as follows:

1. On July 3, 2025 (the "Petition Date"), IG Design Group Americas, Inc. and its domestic affiliates including Lion Ribbon Texas Corp. (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code.

2. Prior to the Petition Date, certain of the Debtors, including Berwick Management LLC, Berwick Offray LLC, Simplicity Creative Corp., C.R. Gibson, LLC, Paper Magic Group, LLC, IG Design Group Americas, Inc., and Impact Innovations, Inc., were parties to a Partners

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/DGA. The Debtors' mailing address for the purposes of these cases is 2015 West Front Street, Berwick, PA 18603.

CORE/3506626.0038/230996334.1

Online Agreement and integrated terms and conditions (the "POL Agreements") with Target. Affiliates of the Debtors may also be parties to these POL Agreements.

3. Under the POL Agreements, Target ordered and purchased certain goods from the Debtors from time to time. The terms may vary from Debtor to Debtor.

4. On August 6, 2025, the Debtors filed the *Notice of Executory Contracts and Unexpired Leases that May be Assumed and Assigned in Connection with the Sale of the Debtors' Assets and the Proposed Cure Costs with Respect Thereto* [Docket No. 268] (the "Notice").[2]

5. The Notice identified an initial list of (a) contracts, which may be assumed and assigned to a Stalking Horse Bidder, if any, or such other Successful Bidder in connection with one or more Transactions, and (b) the proposed amounts, if any, the Debtors believe are owed to the counterparties to the Designated Contracts to cure any defaults or arrears existing under each such Designated Contract (the "Cure Costs").

6. Exhibit 1 to the Notice lists contracts that the Debtors may seek to have assumed and assigned to a Stalking Horse Bidder or other Successful Bidder. The list identifies two contracts where Target is a counterparty and lists all of the Debtors as counterparties under at least one of those agreements as follows:

| | | | | |
|---|---|---|---|---|
| 1889 | Target Corporation | Conditions of Contract | Anker Play Products, LLC; Berwick Management LLC; Berwick Offray LLC; BOC Distribution, Inc.; C.R. Gibson, LLC; CRG Distribution, Inc.; CSS Industries, Inc.; IG Design Group (Lang), Inc.; IG Design Group Americas, Inc.; Impact Innovations, Inc.; Impact Paper Products, LLC; Lion Ribbon Company, LLC; Lion Ribbon Texas Corp.; McCall Distribution, Inc.; Paper Magic Distribution, Inc.; Paper Magic Group, LLC; Philadelphia Industries, LLC; Simplicity Creative Corp.; The Lang Companies, Inc.; The McCall Pattern Company, Inc.; Variety Accessories, LLC; W.J.S. Furniture, Inc | $1,458.01 |
| 1890 | Target Corporation | Partners Online Agreement | Anker Play Products, LLC | $0.00 |

---

[2] Defined terms used herein and not otherwise defined shall have the meaning ascribed to them in the Assumption Notice.

7. Without conceding that the Target agreements listed on Exhibit 1 are executory contracts, Target files this limited objection to the proposed assumption and assignment of the Target Agreements and the listed Cure Amount.

8. 11 U.S.C. § 365(b)(1) states, in pertinent part:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure such default . . . ;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

9. The Target Agreements involve a potentially large number of transactions between the parties that include both amounts that are paid for goods by Target but also debits and charges that the Debtors owe in the ordinary course of business for certain items, including returns, vendor income and other chargebacks. As a result, the Cure Amount may change in the ordinary course between the date of the Notice and the date of any assumption and assignment as part of a sale of the Debtors' assets. There is in part due to an inherent delay between these amounts accruing and them being reflected in the parties' respective records. For example, the return of pre-petition goods that entitles Target to a credit may not occur until after the date of the Notice and may not be reflected in the parties' records until later.

10. As such, Target submits this limited objection to the Cure Amount, as it may be different than what is submitted in the Notice. The Cure Amount is also listed as an aggregate

amount owing as to all the listed Debtors, making it difficult for Target to reconcile the listed amount with its records on a Debtor-by-Debtor basis.

11. As of August 11, 2025, Target shows amounts owing to it by the Debtors of not less than $2,930.14, which amount is subject to change prior to any assumption or assumption and assignment. Target therefore objects to the Cure Amount set forth in the Notice.

12. At this time, Target does not seek more than the cure amounts that are ultimately determined to be owing. However, Target reserves the right to amend the cure amount demanded, including to add any cure amount associated with any additional contracts and agreements and discovered to be included in the process of the Debtors assuming the same, and to assert any rights, claims, causes of action, remedies and/or defenses with respect to the cure and assumption of the additional contracts and agreements. Target is willing to work with the Debtors to reach an agreement as to the amounts necessary to fully cure the Target Agreements. Furthermore, for any amounts owed to Target that continue to grow, Target reserves the right to amend its cure amount herein to include said amounts.

13. Given that no potential assignee for the Target Agreements has been identified, nor is it known if the Debtors will ultimately seek to assign the Target Agreements, Target reserves its right to demand adequate assurance of future performance from the Debtors or any potential assignee.

14. Further, while none of the identified contracts can be assumed or assumed and assigned until Target is provided its cure as directed by 11 U.S.C. § 365(b)(1)(A) and, Target preserves the right to seek its cure from any third parties, which may include offsets for chargebacks and other items under the terms of the Target Agreements, including any purchaser from the Debtors' estates.

15. Lastly, Target reserves all rights under any contracts with the Debtors, including under the Agreements, to enforce the terms thereof.

16. By filing this Objection, Target does not waive: (i) Target's right to have final orders entered only after de novo review by a District Court; (ii) Target's right to trial by jury in any proceeding so triable in this case or any case, controversy or proceeding related to these chapter 11 cases; (iii) Target's right to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal; or (iv) any other rights, claims, actions, defenses, setoffs or recoupments to which Target may be entitled.

Dated: August 20, 2025                          Respectfully submitted,

                                        **STINSON LLP**

                                      */s/ Christopher J. Harayda*
                                      Christopher J. Harayda (MN Bar No. 0390333)
                                      **STINSON LLP**
                                      50 South Sixth Street, Suite 2600
                                      Minneapolis, MN 55402
                                      Telephone: (612) 335-1928
                                      CJ.Harayda@stinson.com

                                      *Counsel for Target Corporation*

CORE/3506626.0038/230996334.1

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 20, 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on the parties registered to receive electronic notices.

*/s/ Christopher J. Harayda*