IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| EVERSTREAM SOLUTIONS LLC, *et al.*, | § | Case No. 25-90144 (CML) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |

### STIPULATION AND AGREED ORDER REGARDING CHALLENGE DEADLINE

This Stipulation and Order (this "Stipulation") is entered into by and among (a) the above-captioned debtors (collectively, the "Debtors"), (b) the Official Committee of Unsecured Creditors (the "Committee"), and (c) the Prepetition OpCo Lenders,[2] Prepetition HoldCo Lenders, and DIP Lenders (collectively, the "Ad Hoc Lender Group," and together with the Debtors and the Committee, the "Parties," and each a "Party"). The Parties hereby stipulate and agree as follows:

WHEREAS, on May 28, 2025, the Debtors commenced the Chapter 11 Cases in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court");

WHEREAS, on June 11, 2025, the United States Trustee for Region 7 appointed the Official Committee of Unsecured Creditors in the Chapter 11 Cases;

WHEREAS, on June 20, 2025, the Bankruptcy Court entered the *Final Order (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Midwest Fiber Holdings LP (3804); Midwest Fiber Acquisition Topco LLC (N/A); Midwest Fiber Acquisition Midco1 LLC (6061); Midwest Fiber Acquisition LLC (N/A); Everstream Solutions LLC (2361); Everstream Networks LLC (4542); Everstream GLC Holding Company LLC (4493); American Fiber Comm L.L.C. (2389); HRS Internet, LLC (5042); Lynx Network Group, Inc. (6261); 15955 State Street LLC (2731); Rocket Fiber LLC (7722); Lynx Fiber One, LLC (7151); and Lynx Fiber Two, LLC (3416). The Debtors' mailing address is 1228 Euclid Ave. Suite 250, Cleveland, OH 44115.

[2] Capitalized terms not defined herein have the meaning ascribed to such terms in the Final DIP Order (as defined herein).

*Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to Prepetition Secured Parties, (IV) Modifying Automatic Stay, and (V) Granting Related Relief* (Docket No. 198) (the "Final DIP Order");

WHEREAS, pursuant to Paragraph 24 of the Final DIP Order, the Committee was granted certain rights with respect to investigating and instituting Challenges to the Debtors' OpCo Stipulations and HoldCo Stipulations up to the Challenge Deadline, which for the Committee is set to expire 70 days from its formation (*i.e.*, August 20, 2025);

WHEREAS, pursuant to Paragraph 24(d) of the Final DIP Order, the Challenge Deadline may be extended with the consent of the requisite Prepetition Secured Parties;

WHEREAS, the Ad Hoc Lender Group constitutes the requisite Prepetition Secured Parties;

WHEREAS, the Committee has requested, and pursuant to this Stipulation, the Parties have agreed to partially extend the Challenge Deadline as detailed herein.

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED THAT:

1.     The Committee and its professionals shall not bring any Challenges to the OpCo Stipulations or HoldCo Stipulations (or file any pleadings seeking standing with respect to the same) other than, subject to the expiration of the Challenge Extension (as defined below), Challenges to Releases, if any, granted to certain parties and their respective affiliates agreed in writing between the Debtors, the Ad Hoc Lender Group, and the Committee by email between counsel to the foregoing parties (collectively, the "Specified Entities") pursuant to Paragraph F(d) of the Final DIP Order (the "Specified Releases").

2. The Debtors, DIP Lenders, Prepetition OpCo Lenders, and Prepetition HoldCo Lenders agree to extend the Challenge Deadline, solely with respect to the Specified Releases, for a period of 44 days, as follows (the "Challenge Extension"):

    a. For the first 30 days of the Challenge Extension, the Debtors, DIP Lenders, Prepetition OpCo Lenders, Prepetition HoldCo Lenders, the Committee, and each of their respective professionals shall work in good faith to engage in, and reach, a global settlement (a "Global Settlement") with respect to the Debtors' Chapter 11 Cases (the "Challenge Extension Settlement Period").

    b. During the Challenge Extension Settlement Period, the Committee and its professionals covenant and agree not to accrue any fees or expenses related to Challenges or any other potential claims or causes of action, including but not limited to claims alleged in that certain Demand Letter delivered by the Committee to the Debtors on August 13, 2025 (collectively, the "Committee Investigation Fees and Expenses"), without the prior written consent of the Debtors and the DIP Lenders; provided, however, that the Committee Investigation Fees and Expenses shall exclude any and all recurring fees or expenses necessary to maintaining the Committee's document platform (the "Document Platform Fees").

    c. To the extent any Committee Investigation Fees and Expenses are incurred by the Committee and its professionals during the Challenge Extension Settlement Period without the prior written consent of the Debtors and the DIP Lenders, the Committee and its professionals shall not be entitled to seek reimbursement for, or the allowance of, such Committee Investigation Fees and Expenses. The Committee shall be entitled to incur and seek reimbursement for or the allowance of the Document Platform Fees without the prior written consent of the Debtors and the DIP Lenders.

    d. Upon the expiration of the Challenge Extension Settlement Period (or such earlier time as mutually agreed to by the Debtors, the DIP Lenders, the Prepetition OpCo Lenders, the Prepetition HoldCo Lenders, and the Committee), and to the extent a Global Settlement is not reached, the Committee shall have 14 days to bring any potential Challenge to the Specified Releases (the "Post-Challenge Extension Settlement Period") and during such Post-Challenge Extension Settlement Period, the Debtors agree to work in good faith with the Committee and its professionals to deliver any reasonable requested discovery (including the scheduling of the interviews of certain individuals agreed in writing between the Debtors and the Committee by email between counsel to the foregoing parties, subject to agreement from such individuals to participate in the requested interviews and the ability for counsel to the Debtors to attend such interviews) in a timely manner.

3. The Parties reserve all rights and defenses with respect to Challenges, claims, or causes of action brought by the Committee, if any, whether with respect to the Specified Releases or otherwise, including, but not limited to, all rights and defenses with respect to the eventual economic beneficiaries of the same.

4. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

5. The Bankruptcy Court shall retain sole and exclusive jurisdiction over all matters related to this Stipulation.

Dated: _____, 2025

                                                                                 _____
                                                                                 Christopher Lopez
                                                                                 United States Bankruptcy Judge

**STIPULATED AND AGREED TO BY:**

| | |
|---|---|
| Dated:  August 20, 2025 | Dated:  August 20, 2025 |

 /s/   Clifford W. Carlson                                    
**WEIL, GOTSHAL & MANGES LLP**
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:  gabriel.morgan@weil.com
            clifford.carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Alexander P. Cohen (24109739)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:  matt.barr@weil.com
            andriana.georgallas@weil.com
 alexander.cohen@weil.com

*Attorneys for Debtors
and Debtors in Possession*

 /s/   Charles Persons                                         
**PAUL HASTINGS LLP**

Charles Persons (TX Bar No. 24060413)
2001 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (972) 936-7500
Facsimile: (972) 936-7501
Email: charlespersons@paulhastings.com

-and-

Jayme T. Goldstein (admitted *pro hac vice*)
Jeremy Evans (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: jaymegoldstein@paulhastings.com
            jeremyevans@paulhastings.com

-and-

Nicholas A. Bassett (admitted *pro hac vice*)
2050 M Street NW
Washington, DC 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
Email: nicholasbassett@paulhastings.com

*Counsel to the Ad Hoc Group of Secured Lenders*

**STIPULATED AND AGREED TO BY:**
Dated:  August 20, 2025

  /s/   Charles R. Gibbs
**MCDERMOTT WILL & SCHULTE LLP**

Charles R. Gibbs (TX Bar No. 7846300)
2801 N. Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: crgibbs@mwe.com

-and-

Kristin K. Going (admitted *pro hac vice*)
Darren Azman (admitted *pro hac vice*)
Robert Ethan Dover
Joshua C. Lee
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
Email: kgoing@mwe.com
dazman@mwe.com
edover@mwe.com
jclee@mwe.com

-and-

Gregg Steinman
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805
E-mail: gsteinman@mwe.com
*Proposed Counsel to the Official Committee of Unsecured Creditors*

**CERTIFICATE OF SERVICE**

      I certify that on August 20, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                              */s/ Clifford W. Carlson*
                                              Clifford W. Carlson